## UNITED STATES v. MINNESOTA MUTUAL INVESTMENT COMPANY.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO.

No. 348. Submitted May 6, 1926.—Decided May 24, 1926.

Collection of interest by the United States from a national bank, as a United States depositary, on a fund belonging to a private litigant which had been paid into the District Court and deposited in the bank for safe keeping, did not create a contract upon the part of the United States to pay over the interest to the owner of the fund, even if the United States had no right to the interest. P. 217.

Reversed.

APPEAL from a judgment of the District Court against the United States in a suit under the Tucker Act.

*Solicitor General Mitchell* and *Mr. Gardner P. Lloyd,* Special Assistant to the Attorney General, were on the brief for the United States.

*Mr. Edwin H. Park* for defendant in error.

The opposing argument is based entirely upon § 5155, Rev. Stats., which provides for the designations of depositaries of public moneys of the United States. The Act of May 30, 1908, 35 Stat. 552, provides for rates of interest upon public funds deposited in such depositaries. Section 995, Rev. Stats., provides that moneys paid into the registry are to be deposited with the Treasurer of the United States or in a designated depositary of the United States in the name and to the credit of the court. Section 996 provides the same may be withdrawn by the court, etc.

The complaint charges that the money in controversy here was deposited in a depositary designated by the court and not a depositary designated by the Secretary of

the Treasury. It was private money *in custodia legis* and held subject only to further orders of the court.

Section 251, Rev. Stats., provides that the Secretary of the Treasury may make rules and regulations relative to public moneys and officers concerned therewith, and it is now claimed that the rules and regulations of the Secretary of the Treasury promulgated in 1913 requiring interest to be paid into the Treasury upon all moneys deposited in registries of the court have the form, force, and power of the statutes of the United States. This result may be true when the subject-matter is within the jurisdiction and within the letter of some statute, but there is no statute permitting any officer of the United States to subject the interest accruing upon private funds to the dominion of the United States or requiring the same to be confiscated because the funds happen to be deposited in the registry of the court.

The government contends there is no contract here, either express or implied, and therefore the complaint does not state a cause of action. The rule is, in both federal and state courts, that where one has received money which in equity and natural justice belongs to the plaintiff he may maintain a suit therefor, as upon an implied contract; and it is not necessary that there be any actual contractual relation. *Lipman, Wolf & Co.* v. *Phoenix Assur. Co.,* 258 Fed. 544; *Gaines* v. *Miller,* 111 U. S. 395; *Hill* v. *United States,* 149 U. S. 593; *Merchants, etc., Bank* v. *Barnes,* 18 Mont. 335; *Ela* v. *Express Co.,* 29 Wis. 611; *Klebe* v. *United States,* 263 U. S. 188; *Bayne* v. *United States,* 93 U. S. 643; *United States* v. *State Bank,* 96 U. S. 30; *Omnia Co.* v. *United States,* 261 U. S. 502.

Interest is an accretion or increment of the fund; and interest on a fund deposited in court belongs to the fund. *United States* v. *Mosby,* 133 U. S. 273. These moneys were not public funds and, therefore, did not come within

the purview of the regulations of the Secretary. *Branch v. United States,* 100 U. S. 673; *Coudert v. United States,* 175 U. S. 178; *United States v. Ferguson,* 78 Fed. 103; *Brooks v. Kerr,* 223 Fed. 1016; *United States v. McMillan,* 253 U. S. 195.

Rule 20 of the trial court provides that all interest paid on deposits shall become part thereof. Interest was paid on this deposit and under the rule becomes a part of the fund. Rules of court have the force and effect of law. *Rio Grande Irrig. Co. v. Gildersleeve,* 174 U. S. 603. The clerk of the trial court for years prior to 1913 had a contract with the banks to pay interest upon all funds deposited in the bank which had been paid into the registry of the court. *Hendrick v. Lindsay,* 93 U. S. 143.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The Minnesota Mutual Investment Company is a corporation of South Dakota, doing business in Colorado. It sued the United States for $571.26, under the Tucker Act, Judicial Code, § 24, par. 20. Its claim arises under the following circumstances. In a cause pending in the United States District Court for Colorado, the Investment Company was plaintiff, and McGirr and others were defendants. The plaintiff was required to place in the registry of the court $15,143.92, which the clerk of the court immediately deposited in the First National Bank of Denver, Colorado, designated by the court as one of its depositaries. The money remained in the bank to the credit of the court from June 7, 1918, until May 6, 1920, when it was returned to the Investment Company. During that period the bank paid interest on this deposit of 2 per cent. per annum, semi-annually, into the United States Treasury for the use of the Government. The

petition alleges that, for a long series of years prior to this, interest paid by the bank on such court funds had been added to the deposit for the benefit of the party adjudged to own it, but that, shortly before this deposit, the Secretary of the Treasury, by regulation, required all United States depositaries having court funds to pay interest at 2 per cent. to the Treasurer of the United States for its use.

The petition avers that the United States was not interested in the sum of money so deposited, had no right, title, or interest therein directly or indirectly, and that the interest so paid was and is the property of the plaintiff and was received by the United States for the use and benefit of the plaintiff, and judgment was asked therefor.

The United States filed a demurrer to the complaint, which was overruled. It then answered alleging that the United States through its proper officers had entered into a contract concerning the payment of interest upon all government deposits, including the court funds, carried with the bank by virtue of its designation as a depositary of the United States, under the regulations promulgated by the Secretary of the Treasury under authority conferred upon him by the laws of the United States; that this contract consisted of an offer made on behalf of the United States and its acceptance by the First National Bank by its President; and that, accordingly, $571.26 was paid to the United States by the Bank; that, in consideration of such payment, the United States allowed the bank the use of all government deposits held on deposit, allowed the bank the prestige and advertising connected with its handling of such government deposits, kept safe in its custody the collateral security pledged by the bank to secure the deposits, and supervised the depositary in all matters in connection with the deposit. Accompanying the answer was the correspondence claimed to em-

body the contract between the United States and the bank. A demurrer to the answer of the defendant was sustained, and the judgment for $571.26 followed. Direct appeal to this Court was allowed to the United States under the Tucker Act (Act of March 3, 1887, §§ 4 and 9, c. 359, 24 Stat. 505,) because taken before the taking effect of the Act of February 13, 1925, 43 Stat. 936, c. 229, § 14.

Section 995 of the Revised Statutes provides:

"All moneys paid into any court of the United States, or received by the officers thereof, in any cause pending or adjudicated in such court, shall be forthwith deposited with the Treasurer, an assistant treasurer, or a designated depositary of the United States, in the name and to the credit of such court: *Provided,* That nothing herein shall be construed to prevent the delivery of any such money upon security, according to agreement of parties, under the direction of the court."

Rule 20 of the rules of the District Court of Colorado contains the following:

" 1. All moneys brought into court shall be paid to the clerk of the court, unless the court shall otherwise direct, and when not immediately paid to the party entitled, be deposited by said clerk, in his name of office, with such depositary as may be designated by law, or by the court, when no place is so designated. The amount so received, the purpose for which it was paid into court, together with the fact of the deposit, as herein provided, shall be noted by the clerk in the civil or criminal dockets of the court in the particular cause in which it is received. All interest paid on said deposits shall become a part thereof."

Section 251 of the Revised Statutes provides that the Secretary of the Treasury may make rules and regulations relative to public moneys and officers concerned therewith. Section 5153 of the Revised Statutes, as amended by later acts, provides in effect that all national

bank associations designated for that purpose by the Secretary of the Treasury shall be depositaries of public money under such regulations as may be prescribed by the Secretary, and they are to perform all such reasonable duties as depositaries of public money as may be required of them. The Secretary is to require them to give satisfactory security, by the deposit of United States bonds, for the safe keeping of the public money deposited with them.

The court below found that the Secretary of the Treasury had no power under these two sections to direct national banks to pay interest on deposits of court funds to the United States, and that his authority to make such a regulation for interest extended only to public moneys, and not to court funds belonging to the parties to the litigation awaiting adjudication as to ownership or proper disposition. The conclusion of the court was that the United States had therefore received interest which should have been paid to the defendant in error, the Investment Company, and which it may recover from the United States.

But the Solicitor General argues that, even if the United States had no right to collect the interest from the Bank, no cause of action was created in favor of the Investment Company against the United States for this illegal collection; that there was no contract of the Government, express or implied, by reason of that collection to pay it to the Investment Company; and that without this, no recovery can be had. This seems to us to be sound reasoning. An implied contract in order to give the Court of Claims or a district court under the Tucker Act jurisdiction to give judgment against the Government must be one implied in fact and not one based merely on equitable considerations and implied in law. *Merritt* v. *United States,* 267 U. S. 338, 340, 341; *Tempel* v. *United States,* 248 U. S. 121; *Sutton* v. *United States,*

256 U. S. 575, 581. There is nothing in the averments in the pleadings in this case to show that the officers of the Government collected this interest or that it was received into the Treasury for the benefit of the Investment Company.

The judgment is

Reversed.