### RICHARDS v. UNITED STATES.

District Court, N. D. Oklahoma. August 6, 1927.

No. 429.

1. Internal revenue ⚖══7(3)—Income from exempt Indian allotment held not taxable.

Indian allottee is not subject to tax on income derived from oil royalties accruing from allotment, which is exempt from taxation.

2. Internal revenue ⚖══36—Statute limiting time for filing claim for refund of internal revenue taxes does not apply to tribal Indian (Rev. St. § 3228, as amended by Act Feb. 26, 1926, 44 Stat. 115).

Rev. St. § 3228, as amended by Act Feb. 26, 1926, 44 Stat. 115, limiting time for filing claim for refund of illegal internal revenue taxes, does not apply to tribal Indian.

At Law. Action by Clifton L. Richards against the United States. Judgment for plaintiff.

R. A. Smith, of Kansas City, Mo., for plaintiff.

Louis N. Stivers, Asst. U. S. Atty., of Tulsa, Okl.

KENNAMER, District Judge. This action was instituted to recover from the United States of America a sum of money, plus interest, as federal income taxes paid by the plaintiff, Clifton L. Richards, for the years 1916, 1917, 1918, and 1919. It is alleged that the plaintiff is a member of the Choctaw Tribe of Indians, enrolled opposite No. 12518; that the assessments made and the income taxes paid were upon income derived from oil royalties accruing from lands allotted to plaintiff as a member of the Choctaw Tribe of Indians, which lands are exempted from taxation. On July 20, 1925, plaintiff filed a claim for a refund of all of the income taxes paid the United States according to the law in such cases made and provided and the regulations of the Secretary of the Treasury established in pursuance thereof, a copy of said claim being attached to the bill. Plaintiff's claim for refund was denied by the Commissioner of Internal Revenue upon the ground that it had not been filed within the period of time prescribed by the statutes. The Commissioner of Internal Revenue certified that overassessments had been made, according to the allegations of plaintiff's bill.

[1, 2] The district attorney has interposed a demurrer to plaintiff's bill, and upon presentation of the demurrer admitted that the bill correctly alleged the facts regarding the source of the income upon which the assessments were made. The government takes the position, in order to defeat a recovery by plaintiff, that the claim for a refund is barred because the same was not filed within the statutory period. Section 3228, Revised Statutes of the United States, provides:

"All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as provided in sections 284 and 319 of the Revenue Act of 1926, be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum." 44 Stat. 115.

I am of the opinion that plaintiff should recover the amounts paid as income taxes upon income derived from the lands allotted him as a member of the tribe of Indians, and the reasons for so holding are set forth hereafter.

The Supreme Court of the United States, in the case of Choate v. Trapp, 224 U. S. 665, 32 S. Ct. 565, 56 L. Ed. 941, announced the doctrine that the nontaxation provisions as to Indian allotted lands gave a property right to the allottees. It is conceded that the lands from which the income was derived was exempted from taxation. We find the following language employed in Choate v. Trapp, supra, at page 675 (32 S. Ct. 569):

"But in the government's dealings with the Indians the rule is exactly the contrary. The construction, instead of being strict, is liberal; doubtful expressions, instead of being resolved in favor of the United States, are to be resolved in favor of a weak and defenseless people, who are wards of the nation, and depend wholly upon its protection and good faith. This rule of construction has been recognized, without exception, for more than a hundred years and has been applied in tax cases. * * * The provision that 'all land shall be nontaxable' naturally indicates that the exemption is attached to the land; only an artificial rule can make it a personal privilege. But, if there is any conflict between the natural meaning and the technical construction, if there were room for doubt, or if there were any question as to whether this was a personal privilege and repealable, or an incident attached to the land itself for a limited period, that doubt, under this rule, must be resolved in favor of the patentee."

The Supreme Court has very clearly announced the position to be assumed by the United States in tax matters with Indian allottees. It is true the tax involved in the above case was different in form than the tax in the instant case, but it seems the difference is one of form only. In the instant case income taxes have been collected upon income from oil royalties; it is a tax upon the income from oil produced from the lands allotted to the plaintiff. Oil and gas, until severed, are part of the realty; if the quantity of oil under a given tract of land were capable of estimation, the value of the tract would be enhanced by the value of the oil in place, and this increased value would be subject to the general taxes of the local government. Could it successfully be contended that, if the above were possible, an Indian allottee's land having oil deposits thereunder would be subject to taxation, at least to the extent of the oil value? I think not, for the lands are exempted from taxation. Likewise a tax upon the income derived from the sale of a part of the land, the oil or minerals, should not be enforced against an allottee.

I am of the further opinion that the above statutory provision should not defeat plaintiff in the recovery of an illegal tax which he has

paid. This provision has been referred to as a limitation statute. Public Service Corporation of New Jersey v. Herold (C. C. A.) 279 F. 352. It should be construed in connection with the other acts of Congress pertaining to taxation and exemption from taxation, and in view of the holding of the Supreme Court in Choate v. Trapp, supra, it seems to follow that the plaintiff in this case should recover.

The Supreme Court of the United States in the case of Ewert v. Bluejacket, 259 U. S. 129, 42 S. Ct. 442, 66 L. Ed. 858, held the doctrine of laches predicated upon the statute of limitations of Oklahoma inapplicable to an Indian, although the Indian in that case was free to make conveyance of the land and his tribal relations had been severed. As the tax was illegal, the government should return the same, for plaintiff has been diligent in his efforts.

The United States has at all times regarded the Indians as its wards and has assumed a protective attitude in their behalf. La Motte v. United States, 254 U. S. 575, 41 S. Ct. 204, 65 L. Ed. 410; United States v. Osage County, 251 U. S. 128, 40 S. Ct. 100, 64 L. Ed. 184; United States v. Minnesota, 271 U. S. 212, 46 S. Ct. 501, 70 L. Ed. 911. In United States v. Rickert, 188 U. S. 432, 23 S. Ct. 478, 47 L. Ed. 532, the Court announced that the government in its negotiations with the Indians had adopted a policy of giving them the benefit of a doubt as to the questions of fact and the construction of treaties and statutes relating to their welfare; also in Choctaw Nation v. United States, 119 U. S. 1, 7 S. Ct. 75, 30 L. Ed. 306, the court stated the substance of the right should be considered without regard to technical rules framed.

That the tax was illegal is conceded by the Commissioner of Internal Revenue and is beyond all doubt, I think. In view of the attitude assumed by the government that Indians should enjoy their allotted lands free from taxation for the period fixed by the acts, it is the judgment of the court that plaintiff recover from the United States of America the taxes paid by him as alleged in his bill.