MaddeN, Judge,
delivered the opinion of the court:
The plaintiff sues the Government for breach of contract. In July 1944 she was employed by the then War Department in the San Antonio Air Service Command at Kelly Field, Texas, as a Junior Aircraft Sheet Metal Worker at an annual salary of $1,920. The War Department was recruiting workers to go to Hickam Field, Hawaii, and was offering higher pay for that overseas service. The plaintiff made a written contract with the department to work at an overseas installation as an Aircraft Sheet Metal Worker for the duration of the war and six months thereafter at an annual salary of $2,750, the Government to pay for her transportation overseas and back. She was in due course ordered to travel to Hawaii, and notified that she had been promoted from Junior Aircraft Sheet Metal Worker to Aircraft Sheet Metal Worker, effective November 1, 1944.
The plaintiff arrived in Hawaii on November 23, and was notified to report for duty on December 1. When she did so, she was told that the pay for ungraded employees, such as she was, had been changed from an annual to an hourly basis, and that her status had been changed from that of an Aircraft Sheet Metal Worker to that of a Junior Sheet Metal Worker, the rate of pay for which was $1.25 per hour. She protested, orally and in writing, to her superiors against the reduction in her classification and in the pay to which her classification as an Aircraft Sheet Metal Worker would have entitled her, at the rate which was being paid at Hickam Field.
The plaintiff worked at Hickam Field from December 1, 1944, to May 4, 1946. From the beginning, the work which she was assigned to do was that of a Journeyman Sheet Metal Inspector. She was supplied with the badge, credentials and instructions for that position. She did that work well and was given an efficiency rating of “very satisfactory.” *462 But she was paid the wages of a Junior Sheet Metal Worker, $1.25 per hour. The wage rate for a Journeyman Sheet Metal Worker at Hickam Field was $1.49 per hour. The plaintiff’s contract did not, it will be recalled, use that designation, but that of Aircraft Sheet Metal Worker. Both designations seem to describe a full fledged, fully trained sheet metal worker, and we conclude that they were merely different names for the same kind and grade of work. The wage rate at Hickam Field for the work which the plaintiff actually performed, that of Journeyman Sheet Metal Inspector, was $1.54 an hour. The wage rates for Junior Sheet Metal Worker, and for Journeyman Sheet Metal Inspector were increased during the time that the plaintiff worked at Hickam Field, the plaintiff being paid whatever was the current rate for a Junior Sheet Metal Worker.
The Govermnent’s principal defense is that it paid the plaintiff, as her basic wage, somewhat more than the $2,750 which was the base pay provided in her contract, and that she was not, therefore, damaged by the reduction in her classification. We think that a fair reading of the contract, in the circumstances, is that the plaintiff was to have the position and base pay of an Aircraft Sheet Metal Worker which was, at the time the contract was signed, $2,750 per annum. By that reading, the Government agreed that if that base pay was increased, she was to have the pay that currently went with the job, and the plaintiff did not agree to take less than the current wage which others would receive for the job, just because the rate in effect at the time she signed the contract was written into it. We think that the fact that the Government found it necessary to give the plaintiff’s work a false classification in order to keep her pay down to approximately $2,750 a year shows that it would have been administratively impracticable and was not contemplated by the contract that she should be listed as having the job of a full-fledged Sheet Metal Worker but should not be paid what other workmen were paid for that job. We think, therefore, that the plaintiff should have been paid the wage for the job for which *463 her contract called which was, at Hickam Field, designated as Journeyman Sheet Metal Worker.
The plaintiff urges that she should have been paid the still higher wage applicable to the job which she actually performed, that of Journeyman Sheet Metal Inspector. We think that, as between private persons, a quasicontractual obligation to pay the current wage for the job to which a workman is assigned, might arise, on grounds of justice and equity, rather than agreement. But the Government’s consent to be sued for breach of contract extends only to situations arising out of an express agreement or one spelled out of the conduct of the parties in the circumstances, and does not extend to a situation where there is no agreement, express or implied, but only an obligation created by law to bring about a just and equitable result. United States v. Minnesota Mutual Investment Company, 271 U. S. 212, 217; Enid Milling Company v. United States, 64 C. Cls. 396, 404. In this case the Government did not, expressly or by its conduct, agree to pay the plaintiff the current wage for the job which she did. At the beginning of her work, and after her protest, it refused to do so, and maintained a false classification for her in order to escape doing so. We think, therefore, that the plaintiff may not recover on the basis of the wages of a Journeyman Sheet Metal Inspector.
The plaintiff is entitled to recover the difference between the wages actually paid her, and those which she would have received had she been paid as a Journeyman Sheet Metal Worker. Entry of judgment will be suspended to await the filing by the parties of a stipulation showing the amount due the plaintiff computed in accordance with our findings and opinion.
It is so ordered.
Howell, Judge; Whitaker, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.
In accordance with the above opinion and upon a stipulation filed by the parties, it was ordered October 3, 1949, that judgment be entered for plaintiff in the sum of $797.32.