**C. F. HARMS CO. v. ERIE R. CO. et al.**

**No. 179, Docket 21579.**

United States Court of Appeals
Second Circuit.

Argued March 6, 1950.

Decided March 17, 1950.

acted for the United States in this instance, knew that the barge did not belong to the railroad, and that the railroad was a charterer who would be liable for interest and costs; (2) that for this reason he made a contract to include interest and costs, if the railroad were forced to pay them to the owner; and (3) that he was authorized to make such a contract. None of these three conditions is shown to have been fulfilled. Indeed, the result was implicit in our decision in Conners Marine Co., Inc., v. Petterson Lighterage & Towing Corporation, 2 Cir., 152 F.2d 657, although we did not spell it out.

Decree affirmed.

Hagen & Eidenbach, New York City (Nelson J. Johnson, New York City, and Chas. W. Hagen, New York City, of counsel), for appellant.

Foley & Martin, New York City, for appellees.

Christopher E. Heckman, New York City, for C. F. Harms Co.

Gilbert S. Fleischer, New York City, and J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y., for the United States.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

PER CURIAM.

The Erie Railroad appears to assume that an implied contract of indemnity was entered into between itself and the United States which included interest and costs. That assumption we cannot accept. Had the railroad owned the barge, clearly it could not have recovered interest, for the implied contract did not expressly provide for interest; and it could not have recovered costs against the United States anyway. All recoveries from the United States must be upon contracts "implied in fact"; hence we must suppose: (1) that whoever