## GALLANT v. WATERMAN S. S. CORPORATION et al.

United States District Court
S. D. New York.
May 18, 1950.

Irving H. Saypol, United States Attorney, New York City, Martin J. Norris, Special Assistant to United States Attorney, New York City, for respondent-impleaded, United States of America.

Gay & Behrens, New York City, Edward J. Behrens, New York City, for respondent-petitioners.

IRVING R. KAUFMAN, District Judge.

Respondent-impleaded, United States of America, has excepted to the impleading petition on the ground that respondent-impleaded is a sovereign which has not consented to be sued pursuant to statute or otherwise upon the cause of action alleged.

On September 9, 1948, libelant Joseph E. Gallant, a seaman, was injured while ashore in Germany when the vehicle in which he was riding overturned. Gallant filed a libel against Waterman Steamship Corporation and Pan-Atlantic Steamship Corporation for maintenance and cure alleging that he was in their employ at the time of the injury. Respondents served a petition against the United States of America seeking indemnity for any sums that may be adjudged against them in favor of libelant on the ground that the vehicle in which libelant was injured was owned and operated by employees of the Government

and that the injury allegedly was caused by their fault.

Jurisdiction to implead the United States of America is claimed to lie in Section 1346(a) (2) of Title 28 U.S.C.A., which provides that the district courts shall have original jurisdiction of: "Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, *or upon any express or implied contract with the United States,* or for liquidated or unliquidated damages in cases not sounding in tort." (Emphasis added.)

The claim against the Government, respondents state, is a claim in quasi contract or implied contract, and therefore they allege jurisdiction under the above section.

 Section 1346(a) (2) is the revised form of former Section 41(20) of Title 28 which embodied the Tucker Act. Under Section 41(20) a distinction was clearly drawn between contracts implied in fact, and quasi, or implied in law contracts. The district court was held to have jurisdiction only over the former type of implied contract under the Tucker Act. United States v. Minnesota Mutual Investment Co., 1926, 271 U.S. 212, 46 S.Ct. 501, 70 L.Ed. 911; Baltimore Mail S. S. Co. v. United States, 4 Cir., 1935, 76 F.2d 582, certiorari denied 1935, 296 U.S. 595, 56 S.Ct. 111, 80 L.Ed. 421; New Rawson Corp. v. United States, D.C.Mass. 1943, 55 F.Supp. 291. The distinction between the two forms of implied contracts is clearly stated in 1 Williston on Contracts, Section 3: "Some of these rights, however, were created not by any promise or mutual assent of the parties, but were imposed by law on the defendant irrespective of, and sometimes in violation of, his intention. Such obligations were called implied contracts. A better name is that now generally in use of 'quasi contracts.' This name is better since it makes clear that the obligations in question are not true contracts, and also because it avoids confusion with another class of obligations which have also been called implied contracts. This latter class consists of obligations arising from mutual agreement

and intent to promise but where the agreement and promise have not been expressed in words. Such transactions are true contracts and have sometimes been called contracts implied in fact."

 Respondents admit their claim for indemnity against the Government is quasi contractual and therefore it follows that it is one implied in law. Corrao v. Waterman S. S. Corp., D.C.E.D.N.Y. 1948, 75 F. Supp. 482; Cf. C. F. Harms Co. v. Erie Railroad Co., 2d Cir., 1950, 180 F.2d 850.

This Court is without jurisdiction over the respondent-impleaded, and the exceptions to the petition must be sustained and the impleading petition dismissed.

Submit order.