**Arnold A. SMITH and Rachael Smith, his wife, and Herbert Smith and Evelyn Smith, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 5359.

United States District Court
District of Arizona.
April 7, 1965.

Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for plaintiffs.

Wm. P. Copple, U. S. Atty., Richard G. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for defendant.

CRAIG, District Judge.

The above entitled cause was instituted pursuant to Title 28, U.S.C., Section 1346 (a)(2), seeking to recover damages from the United States of America for the taking, use and occupancy of certain premises described in the complaint and owned by plaintiffs. The defendant has moved to dismiss the complaint upon the grounds that it fails to state a claim upon which relief can be granted.

It appears from the record in this case that prior to May, 1964, plaintiffs leased certain property in the City of Phoenix to Lichty Printing and Business Forms, Inc. for an agreed rental of $45.00 per day. In May of 1964 the tenant, Lichty, was in arrears for rental payments for several months. Plaintiffs had taken no action with respect to termination of the lease to Lichty, nor had plaintiff given Lichty notice to quit.

The record further discloses that on May 8, 1964, the defendant, through its agent, Internal Revenue Service, took possession of the premises and affixed locks to the doors entering the premises, in order to levy upon and seize the property of the lessee, Lichty. On the same date, plaintiffs advised the defendant that plaintiffs were the owners of the premises and would look to the defendant for payment of rent in the sum of $45.00 per day so long as the defendant occupied and used the premises.

On October 21, 1964, defendant relinquished possession of the premises and plaintiffs now seek to recover $7,470.00, based upon an implied contract with defendant to pay rental for the premises at the rate of $45.00 per day, or in the alter-

native for damages for the taking of plaintiffs' property for public use without just compensation, alleging the taking to be in violation of the United States Constitution, Amendment V.

■ It is the opinion of this Court that in order to maintain an action under Section 1346(a)(2), Title 28, U.S.C., when based upon an implied contract, the action must be based upon a contract implied in fact as distinguished from a contract implied in law, or founded upon equitable principles. United States v. Minnesota Mutual Investment Co., 271 U. S. 212, 46 S.Ct. 501, 70 L.Ed. 911. In order to maintain such an action based upon an implied contract, the facts must indicate some understanding between the parties with regard to the rental of or use of the property in question, although the complete terms of the agreement may not necessarily have been expressed. In the instant case, plaintiffs allege only that the defendant was informed that plaintiffs would look to it for the rental value of the property. The fact that the Internal Revenue Service continued to occupy the premises thereafter did not in itself support a finding of an implied contract between plaintiffs and defendant to pay rental for the premises occupied by defendant. Hirsch v. United States, D.C., 170 F.Supp. 229.

■ ■ In the alternative, plaintiffs have alleged that the use of the property by the Government constituted a taking without due process of law in violation of the Fifth Amendment to the Constitution of the United States. Section 1346 (a)(2), Title 28, U.S.C., authorizes the bringing of an action against the United States based upon a violation of the Constitution hereinabove referred to. But in order to maintain such an action, the right of possession to property so taken must be in the plaintiff. In the instant case the record discloses that at the time of the occupancy by the defendant the only party in possession and having a right to possession was the tenant, Lichty. Thus, in effect, defendant intending only to seize the property of the tenant, Lichty, could not be said to have seized the property of the plaintiffs. Roxfort Holding Co. v. United States, D.C., 176 F.Supp. 587.

Wherefore, it is ordered that the motion of the defendant to dismiss is granted.