Contracts; contract implied in fact; automobile accident; reimbursement of government employee for expenses incurred in settling claim against employee arising from employee’s operation of government vehicle; implied contract to reimburse. — On December 14, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
This proceeding comes before the court, without oral argument, on defendant’s motion for summary judgment. Defendant contends that plaintiffs petition does not state a claim within the jurisdiction of this court, and that since there is no genuine issue of material fact, defendant is entitled to judgment as a matter of law.
Plaintiff is employed by the United States Immigration and Naturalization Service (INS), and has been so employed at all times relevant to this action. As an incident of his employment with INS, plaintiff is sometimes authorized to drive government-owned automobiles. Plaintiff was driving such a vehicle on September 7, 1975, when he was involved in a collision with a car driven by Ms. Kathleen Young. In order to recover for the damage to her automobile resulting from this accident, Ms. Young filed a claim for reimbursement with INS. On November 17, 1976, this claim was denied by INS. On December 9, 1977, Ms. Young brought an action against plaintiff for $768.78 in damages to her automobile. Without requesting INS to represent him in the action brought by Ms. Young, plaintiff entered into a settlement agreement whereby he paid $384.39 in exchange for a release from liability. On May 4, 1979, plaintiff brought an action in this court to recover the $384.39 paid pursuant to that settlement agreement.
It is well established that Congress conferred only limited jurisdiction on the Court of Claims. Soriano v. *531 United States, 352 U.S. 270, 273 (1957). The scope of its jurisdiction is delineated by a number of statutes, the primary one being 28 U.S.C. § 1491. Section 1491 allows the court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.” If plaintiffs claim does not come within the scope of this statute, then the petition must be dismissed since the court cannot extend its jurisdiction beyond the terms of the statute.[1] Soriano v. United States, supra, 352 U.S. at 273.
While the petition does not explicitly state the basis upon which the court’s authority is invoked, it refers to plaintiffs entitlement to reimbursement based on certain provisions of the Administrative Manual of the INS. There is also reference to an implied contract between plaintiff and the United States upon which plaintiff bases his claim for relief. An examination of these two contentions reveals that neither is sufficient for relief which we can grant.
Plaintiffs argument that he is entitled to reimbursement from the United States based on the INS manual is not at all convincing. Although it is clear that the Court of Claims may entertain certain claims against the United States based on federal regulations, "not every claim involving or invoking a federal * * * regulation is cognizable here.” Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 605, 372 F. 2d 1002, 1007, (1967).[2]
In order for section 1491 to be properly invoked, the legislation which the claimant cites [must] fairly be interpreted as mandating compensation by the Federal Government for the damage sustained. If not, this court cannot give relief under section 1491 * * * *
Id. at 607, 372 F. 2d at 1009. See also, United States v. Testan, 424 U.S. 392 (1976).
None of the provisions in the INS manual relied on by plaintiff mandates compensation by the United States. See, *532 INS Manual § 2503.11. The manual provides only that in certain circumstances, a government employee may be authorized to use a government-owned vehicle. It makes no reference whatsoever to any agreement to reimburse employees for expenses incurred by them as a result of accidents involving their operation of government-owned automobiles. This is true even where an employee is acting within the scope of his employment.[3]
Therefore, under the test set out in Eastport, supra, plaintiff has not established a claim upon which relief can be granted by this court, at least as to plaintiffs reliance on the INS manual as a basis for reimbursement. Nor has plaintiff succeeded in making a claim for relief under the language in section 1491 which gives this court jurisdiction over "any express or implied contract with the United States * * * *”
The Court of Claims has jurisdiction over contracts which are implied in fact, but has no jurisdiction over contracts "based merely on equitable considerations and implied in law.” United States v. Minnesota Mutual Investment Co., 271 U.S. 212, 217 (1926) (emphasis added); Merritt v. United States, 267 U.S. 338 (1925). Implied in fact contracts require a showing of a mutual intent to contract and a lack of ambiguity in the offer and its acceptance, all of which must be manifested by conduct indicating assent to the proposed agreement. Russell Corp. v. United States, 210 Ct. Cl. 596, 609, 537 F. 2d 474, 482 (1976), cert. denied, 429 U.S. 1073 (1977); Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974). In implied in law contracts, however, "a duty is imposed by operation of law without regard to the intent of the parties. Such arrangements are treated as contracts for purposes of remedy only.” Id. While plaintiff makes a number of naked allegations regarding the existence of an implied in fact contract, the facts set forth in his pleadings and his brief do not support this position.
Plaintiff alleges that he and INS entered into an implied contract that INS would "be held accountable for such incidents as within the automobile accident.” While this is *533 the only mention of an implied contract in the petition, plaintiff elaborates on this position in the Opposition to Defendant’s Motion for Summary Judgment. There, plaintiff argues that a contract implied in fact existed as a result of the nature of plaintiffs employment; i.e. plaintiffs job involved substantial use of an automobile, and the Government therefore made one of their vehicles available to him.[4]
Even if we assume the truth of all of plaintiffs factual allegations on this issue, the existence of an implied in fact contract is not established.[5] There are no factual allegations which contain the necessary elements of an implied in fact contract. For example, there is no factual basis for finding a meeting of the minds on the issue of whether INS would reimburse plaintiff in situations such as the instant case. In fact, none of the alleged facts even establish that INS was aware of plaintiffs expectations in that regard. Certainly the simple fact that plaintiff used the Government’s vehicle in performing his job does not bind INS to reimburse plaintiff for expenses incurred in settling suits arising out of his use of the Government’s car. In addition, there is evidence supporting the contrary conclusion that plaintiff did not expect INS to do so, in the fact that plaintiff did not seek to have the Government represent him in the suit brought by Ms. Young. In this connection, section 2679 of Title 28 stands against the implication of a contract implied in fact. That statute provides that, if federal employees are involved in a motor vehicle accident while acting within the scope of their employment, they are immune from tort liability, the Attorney General will on request provide the legal representation, and the case will be turned into one against the United States -with the latter to pay any judgment. In order to qualify for this protection, the employees are required to follow certain procedures, including notification. Id. Plaintiff failed to *534 follow these procedures. If section 2679 is read as making exclusive its specific remedy (immunity for the employee, rather than indemnification), it would entirely preclude the possibility of any implied contract for indemnification. And even if this statutory remedy is not construed as wholly exclusive, its provision of another form of relief for the employee would at least require that there be a very clear showing of an indemnification agreement, express or implied — a showing far from that made or proffered in this case.
For these reasons, plaintiff cannot recover, defendant’s motion for summary judgment is granted, and the petition is dismissed.
IT IS SO ORDERED.

 While there are other statutory provisions conferring jurisdiction on the Court of Claims, none of them is applicable to this action.

 For purposes of this motion, the court assumes, arguendo, that the provisions of the administrative manual relied on by plaintiff are regulations within the meaning of 28 U.S.C. § 1491.

 We assume, for purposes of this motion only, that plaintiff was acting within the scope of his employment when the accident occurred. While there is some dispute as to this issue, all unclear issues of fact are to be resolved against the moving party.

 In addition to the factual allegations upon which plaintiff bases his contention that an implied in fact contract exists, he also relies on the provisions contained in section 2503.11 of the INS Manual. For the reasons discussed infra, those provisions do not mandate, or even support, the adoption of plaintiffs contractual theory.

 At best, plaintiffs allegations raise the possibility of a contract implied in law, based on equitable considerations. As we stated earlier, however, this court does not have jurisdiction to grant relief to plaintiff under this type of contract. See Minnesota Mutual Investment Co., supra, 271 U.S. at 217.