**David VINES, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 93–629C.**

United States Court of Federal Claims.

March 10, 1994.

---

712

James McCorkle, Columbus, OH, for plaintiffs.

Mark D. Rubino, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant.

## ORDER

NETTESHEIM, Judge.

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). The issue to be decided is whether plaintiffs are parties to an express or implied-in-fact contract with the United States, the prerequisite for the Court of Federal Claims' jurisdiction over plaintiffs' claim. Argument is deemed unnecessary.

## FACTS

The following facts derive from plaintiffs' complaint and both parties' briefs. Agler Green Townhouses, Inc., is the owner of a cooperative housing project, Agler Green Cooperative ("Agler Green"), in Columbus, Ohio. Agler Green entered into a regulatory agreement with the United States Department of Housing and Urban Development ("HUD") under which Agler Green agreed to extensive monitoring and took on numerous obligations in return for mortgage insurance provided by HUD.

Plaintiff David Vines, a Columbus police officer, entered into a contract with Agler Green by which Vines agreed to provide Columbus police officers as security guards at the Agler Green property. The other plaintiffs are the Columbus police officers hired as security personnel under this agreement.

In accordance with the terms of the regulatory agreement, HUD conducted an inspection of the Agler Green Cooperative on January 30, 1990, and detailed its findings in a Management Review Report. HUD identified numerous deficiencies in the management of Agler Green, including excessive security costs. In a March 16, 1990 letter, HUD brought these deficiencies to the attention of Triangle Associates, Inc. ("Triangle Associates"), a firm hired to oversee the daily operations of Agler Green.

On August 21, 1991, the president of Triangle Associates wrote a letter to plaintiff notifying him of the termination of the security services agreement. The letter stated that the termination was in accordance with instructions received from HUD. Plaintiffs filed suit in the United States District Court for the Southern District of Ohio against Agler Green for breach of the security services contract and against Triangle Associates for tortious interference with the contract. HUD was later added as a third-party defendant.

On July 14, 1993, the District Court dismissed the tortious interference with contract claims against the United States and Triangle Associates and ordered the breach of contract claims against the United States and Agler Green transferred to the Court of Federal Claims. *Vines v. Agler Green Cooperative, Inc.,* No. C-2-92-388 (S.D.Ohio July 14, 1993) (unpubl.). On October 8, 1993, the record was transferred to the Court of Federal Claims. Plaintiffs filed their first amended complaint and a motion to join Agler Green as a third-party defendant on November 5, 1993. The motion was granted on November 24, 1993.

Defendant contends that this court lacks subject matter jurisdiction because plaintiffs are not parties to an express or implied-in-fact contract with the United States.

## DISCUSSION

When evaluating a motion to dismiss for subject matter jurisdiction, the allegations of the complaint should be construed favorably to the pleader, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), to the end that the court must accept as true the facts alleged in the complaint. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). In *W.R. Cooper General Contractor, Inc. v. United States,* 843 F.2d 1362 (Fed.Cir.1988), the court stated: "In cases such as this in which a party has moved to dismiss for lack of jurisdiction, we must consider the facts alleged in the complaint to be correct. If these facts reveal any possible basis on which the non-movant might prevail, the motion must be denied." *Id.* at 1364 (citing *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686; additional citations omitted). However, the burden is on the plaintiff to establish jurisdiction. *Reynolds,* 846 F.2d at 748 (citing cases). In ruling on a motion to dismiss pursuant to RCFC 12(b)(1), the court is not

limited to the face of the pleadings, but may consider extrinsic evidence. *Cedars–Sinai Medical Center v. Watkins,* 11 F.3d 1573, 1584 (Fed.Cir.1993); *Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d 879, 884 (Fed.Cir.1985), *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986). Thus, in deciding on defendant's motion to dismiss, the court may look to the complaint and subsequent filings.

■ The Tucker Act, 28 U.S.C.A. § 1491(a)(1) (West Supp.1993), authorizes the Court of Federal Claims to assume jurisdiction over certain suits against the sovereign. Specifically, the Act affords jurisdiction where privity of contract exists between the party bringing suit and the United States, *i.e.,* where the claim is based upon an express or implied contract. *Erickson Air Crane Co. v. United States,* 731 F.2d 810, 813 (Fed.Cir.1984).

■ 1. Plaintiffs first argue that the United States, though not a party to the contract for security services between Agler Green and plaintiff Vines, became a party to the contract when HUD "assumed the duties and functions of Agler Green Cooperative," First Am.Compl. filed Nov. 5, 1993, ¶ 5, sometime before HUD instructed Triangle Associates to terminate the security services contract. Plaintiffs infer from HUD's instruction to Triangle Associates to terminate the security services contract that HUD acceded to the position of full-fledged party to the contract at some point prior to HUD's instruction. Plaintiffs' inferences, however, are not sufficient to create subject matter jurisdiction in the Court of Federal Claims.

■ Since the Court of Federal Claims has jurisdiction over contract claims only by individuals who are parties to express or implied-in-fact contracts with the United States, plaintiffs must be, or have been, parties to such a contract * with the United States if their claim is to be heard.

■ To prove the existence of either an express or an implied-in-fact contract the .

following elements must be established: "mutuality of intent, lack of ambiguity in offer and acceptance, and consideration." *Commonwealth of Ky. v. United States,* 27 Fed.Cl. 173, 176 (1992) (citing *Fincke v. United States,* 230 Ct.Cl. 233, 243–244, 675 F.2d 289, 295 (1982)). The facts and circumstances of the case must show that "the parties have taken upon themselves corresponding obligations and liabilities and have come to a meeting of [the] minds." *Commonwealth of Ky.,* 27 Fed.Cl. at 176 (citing *Porter v. United States,* 204 Ct.Cl. 355, 365, 496 F.2d 583, 590 (1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761 (1975)).

HUD did not sign the agreement for security services with plaintiffs, nor did HUD negotiate or communicate with plaintiffs. No meeting of the minds between HUD and plaintiffs occurred, and consequently there was no express or implied contract between the United States and plaintiffs. *D.R. Smalley & Sons, Inc. v. United States,* 178 Ct.Cl. 593, 598, 372 F.2d 505, 508, *cert. denied,* 389 U.S. 835, 88 S.Ct. 45, 19 L.Ed.2d 97 (1967). Because plaintiffs' claim is not founded upon any contract with the United States, plaintiffs cannot state the jurisdictional facts necessary to bring suit in this court.

■ 2. Plaintiffs Martin, Green, Bosley, Malone, Booker, and Kallay seek relief for breach of contract as third-party beneficiaries. Because the United States was not a party to the agreement between plaintiff Vines and Agler Green, no basis is present for plaintiffs' third-party beneficiary breach of contract claim against the United States. If the United States was not a party to the agreement for security services, the United States' intent as to who is to benefit from this contract is immaterial. Plaintiffs' attempt to overcome their lack of contractual relationship with the United States by asserting a claim as third-party beneficiaries to the contract is insufficient to create jurisdiction in the Court of Federal Claims. *See German Alliance Ins. Co. v. Home Water*

---

* The Court of Federal Claims has subject matter jurisdiction over claims based on contracts implied-in-fact, but not over those implied-in-law. *Ysasi v. Rivkind,* 856 F.2d 1520, 1525 (Fed.Cir.

1988) (*citing United States v. Minnesota Mutual Inv. Co.,* 271 U.S. 212, 217–218, 46 S.Ct. 501, 503, 70 L.Ed. 911 (1926)).

*Supply Co.*, 226 U.S. 220, 230, 33 S.Ct. 32, 35, 57 L.Ed. 195 (1912) (A person who is not a party to a contract and who sues for breach of that contract must show that it "was intended for his direct benefit."). *See generally Schuerman v. United States*, 30 Fed.Cl. 420, 425–34 (Fed.Cl.1994).

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss for lack of jurisdiction is granted. The Clerk of the Court shall enter judgment dismissing the first amended complaint without prejudice.

IT IS SO ORDERED.

No costs.