## YOUNG v. UNITED STATES.
### No. 10516.

United States Court of Appeals
District of Columbia Circuit

Argued May 12, 1950.

Decided June 22, 1950.

Prettyman, Circuit Judge, dissented.

Mr. William F. McDonnell, Washington, D. C., for appellant.

Mr. Joseph M. Howard, Assistant United States Attorney, with whom Messrs. George Morris Fay, United States Attorney, Ross O'Donoghue, Assistant United States Attorney, and Samuel K. Abrams, Assistant United States Attorney, were on the brief, for appellee.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The ultimate question is whether the period within which an action may be filed against the United States for death by wrongful act or negligence in the District of Columbia is one year, as it would be in an action against a private party, or whether the longer period of the Federal Tort Claims Act governs.

Ruby M. Young died April 4, 1948. More than one year thereafter, May 9, 1949, her administrator filed an action against the United States in the District Court under the Federal Tort Claims Act, 63 Stat. 101, 28 U.S.C.A. § 1346(b), for the death of the deceased resulting from a fall on Constitution Avenue in the District of Columbia on March 25, 1948. The complaint states that her shoe caught in a defective place in a tree box due to the negligence of the United States, its officers or employees. On motion of the United States the District Court dismissed the complaint for lack of jurisdiction over the subject matter, expressly relying on Lewis

**v.** Reconstruction Finance Corporation, 1949, 85 U.S.App.D.C. 339, 177 F.2d 654.

The Federal Tort Claims Act as originally approved August 2, 1946 conferred jurisdiction upon the district courts to hear, determine and render judgment on any claim against the United States for money damages accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury or death in accordance with the law of the place where the act or omission occurred. The Act contained a limitation period of one year "after such claim accrued or within one year after the date of the enactment of this Act, whichever is later". It also provided, "Subject to the provisions of this title, the United States shall be liable in respect of such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, * * *." 60 Stat. 844, 845 (1946). Substantially similar provisions appear in the revision of title 28 of the United States Code Annotated bearing date September 1, 1948. Thereafter, April 25, 1949, the relevant provisions were reenacted, 28 U.S.C. A. § 1346(b), §§ 2401, 2402, with no change which affects this case except that the period of limitation was enlarged in the following amendatory language:

"A tort claim against the United States shall be forever barred unless action is begun thereon within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later * * *."
(§ 2401)

Although the complaint was filed within one year after enactment of this amendment and within two years after accrual of the cause of action on April 4, 1948, it was not filed until more than one year after such accrual. It would be barred under the D.C. Code limitation of one year, 16 D.C.Code § 1202 (1940), applicable to an action for death by wrongful act, and by the like limitation of the Federal Tort Claims Act as it read prior to its amendment April 25, 1949. It was filed within time, however, if that amendment applies in the circumstances of this case.

The Government contends that the period of one year contained in the District of Columbia statute controls. It reasons that this is so because a right of action for death by wrongful act was not recognized at common law, is of statutory origin, and therefore the right itself does not survive the period of limitation contained in the statute which creates it. In support of this position the Government cites Moran v. Harrison, 1937, 67 App.D.C. 237, 91 F.2d 310, 113 A. L.R. 505, certiorari denied, 302 U.S. 740, 58 S.Ct. 142, 82 L.Ed. 572; Lewis v. Reconstruction Finance Corporation, supra; William Danzer & Co. v. Gulf & Ship Island Railroad Co., 1925, 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126; The Harrisburg, 1886, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358; Young v. Hoage, 1937, 67 App.D.C. 150, 155, 90 F.2d 395, 400; 1 Wood, Limitations (9th Ed., 1916), § 9; 34 Am.Jur.Limitation of Actions §§ 16–17. It is apparent from these authorities that the local wrongful death statute is based on Lord Campbell's Act, that it creates a right of action which was not known to the common law and is of statutory origin, United States Electric Lighting Co. v. Sullivan, 1903, 22 App.D.C. 115, 131; Ferguson v. Washington & G. Railroad Co., 1895, 6 App.D.C. 525, and therefore that the right ordinarily would expire if not pursued within the time permitted by its creating statute. See, also, Webster v. Clodfelter, 1942, 76 U.S.App.D.C. 171, 130 F.2d 434, 143 A.L.R. 280, certiorari denied 317 U.S. 689, 63 S.Ct. 261, 87 L.Ed. 552. Since under these authorities the right in the District of Columbia as to private parties had expired, the Government argues the Federal Act had nothing upon which to operate. But is it not the more tenable view that when Congress authorized an action against the Government within two years from accrual of the claim against the United States, or within one year of the date of the two year amendment, whichever is later, Congress changed any conflicting

limitation period in a local statute insofar as an action against the United States is concerned? We think the Federal Act extended the life of the right itself as against the United States even if we adopt the principle that the right expires if not made the subject of an action within the time permitted. We do not read Lewis v. Reconstruction Finance Corporation, supra, or other cases cited, as requiring a contrary result. We held in the Lewis case that in an action in the District of 'Columbia growing out of death by wrongful act in Nebraska the two year period of limitation in Nebraska would be applied in the District notwithstanding the shorter period applicable to a like cause accruing in this jurisdiction. Cases such as Lewis v. Reconstruction Finance Corporation and Moran v. Harrison, supra, involve a choice of the period of limitation to be applied in the jurisdiction where suit is filed on a cause which accrued in another jurisdiction having a different period. In such cases the choice is made upon the basis of comity or some other facet of public policy. In actions under the Federal Tort Claims Act, however, only one jurisdiction is involved—the United States. It is not a question of choice between conflicting statutes of limitations; the problem is to ascertain the effect of the Act of Congress and to carry out its intent. · See Capital Transit Company v. United States, 87 U.S. App.D.C. ——, 183 F.2d 825, page 827, decided June 5, 1950.

The Government emphasizes that the liability of the United States is only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred" (§ 1346); further, that the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *." (§ 2674). We note, however, that the statute specifically relieves the United States of liability for interest prior to judgment or for punitive damages; trial by jury is precluded, 28 U.S.C.A. § 2402; and a number of exceptions from its general provisions are listed in the Act, such as claims based upon action in the execution of a statute, or for loss of mail, or in respect to the assessment or collection of a tax, or by the imposition of a quarantine, or by assault, battery, false imprisonment, or combatant activities of the miltary, or any claim arising in a · foreign country, *inter alia*. (*Id.*, § 2680). The provision regarding liability in the same manner and to the same extent as a private person must be read with these other provisions to the contrary, including those prescribing the time within which an action may be filed against the United States. In the Senate Report accompanying the amendment of April 25, 1949, occur passages first appearing in the House Report, No. 1754, 80th 'Cong.2d Sess., as follows: "The committee feel that, in comparison to analogous State and Federal statutes of limitation, the existing 1-year period is too short and tends toward injustice in many instances. For example, an analysis of the statutes of limitation of the 48 states and the District of Columbia reveals that the average limitation provided for personal injury cases is 2.96 years, for property damage cases it is 3.90 years, and for cases of death by wrongful act it is 1.90 years. The over-all combined average is, accordingly, 2.92 years, and this over-all average is the one to which the Tort Claims Act limitation should be compared, since the Tort Claims Act covers all three types of torts under one inclusive period of limitation. * * *"

These reports and the language of the statute carry the conviction that it was the intent of Congress that where, as in the District of Columbia, one year is allowed for an action against a private party, the longer time prescribed in the Federal Act is allowed for an action against the United States accruing in that jurisdiction; and where under local statute the time allowed in such case exceeds that set forth in the Federal Act the latter controls. While in Lewis v. Reconstruction Finance Corporation, supra, we pointed out that the policy of the District of Columbia "is to create a right of action within a limited period for death occasioned by negligence", [85 U.S.App.D.C. 339, 177 F.2d 656] and while, therefore, it would seem that the

cause of action in the District expires in one year as against private parties, we nevertheless conclude for the reasons given that by Act of Congress the cause is good against the United States for the longer period. It is our view that in adopting in general the local statute Congress in particular did not adopt the local period of limitation, that Congress extended the time in cases involving the United States, and that the situation is as if Congress reenacted the local statute in its principal substantive provisions but gave each right of action a longer life where a claimant seeks to hold the United States responsible.

A like conclusion has been reached by the United States Court of Appeals for the Fourth Circuit in State of Maryland to the Use of Burkhardt v. United States, 1947, 165 F.2d 869, 871, 1 A.L.R.2d 213, where it is said in part:

"* * * the purpose and effect of the language of the statute is that we shall look to the law of the state for the purpose of defining the actionable wrong for which liability shall exist on the part of the United States, but to the act itself for the limitations of time within which action shall be instituted to enforce the liability. The language of the act [Federal Tort Claims Act], its reason and spirit, its history and the effect and consequences of a different interpretation, all negative the suggestion that the limitations of the state law in addition to those prescribed in the act operate to bar recovery thereunder.

\* \* \* \* \* \*

"If the reason and spirit of the statute be considered, there is even less reason to think that it could have been intended to adopt state statutes of limitations as a bar to recovery. Congress was creating a liability not theretofore existing on the part of the government. * * *"

If as thus held the Federal statute created a liability not theretofore existing on the part of the Government the longer period contained in the statute is the life of the liability. The Government so assumes when it argues that the right of action is coextensive with the period of limitation. It disputes the premise that Congress created a new Federal liability. It says the liability is created by the local statute, that Congress only removed the immunity of the United States from suit and that when the local liability expires by its own limitation nothing is left to be availed of under the permission for a longer time within which to sue the United States. In holding to the contrary the Court of Appeals for the Fourth Circuit no doubt considered that the local liability existed only against private persons prior to the Federal Act, and that Congress therefore did more than lift the immunity of the Government from suit; it created a right against the Government where under local statute there was a right against a private person in like circumstances. We think this is a permissible view of the intent of Congress, particularly as the language of Congress refers to "a tort claim against the United States" when it specifies the time within which it shall be barred "after such claim accrues". This is not merely the lifting of immunity from suit. It assumes a liability created against the Government. Furthermore, as the court also said in the Burkhardt case, supra, "* * * We think it a reasonable and necessary interpretation of the Tort Claims Act that the law of the State is to be followed with respect to the cause of action created but not with respect to the time limitation for suit upon it, since the act itself prescribes its own time limitation." 165 F. 2d at page 873, 1 A.L.R.2d 213.

The attention and precision devoted by Congress to the question of limitation require that effect be given to the period which it prescribes notwithstanding the cause of action against the United States may not in each local jurisdiction be the same in duration as therein authorized against a private individual. Only in this manner are the relevant provisions of the Congressional enactment given effect in their entirety.

Reversed.

PRETTYMAN, Circuit Judge, dissenting.

I do not agree with my brethren in this case, and, because the point is of general importance in a new field of litigation, I

state briefly my reasons. I do not think that the Federal Tort Claims Act created or enlarged any legal rights or liabilities as such; it was merely a consent by the United States to be sued for torts. The liabilities for which the Government consented to be sued were those for which a private individual would be liable under like circumstances. The Act so says in unmistakable language. As to a private individual, it is agreed by the court that, as was held in Lewis v. Reconstruction Finance Corporation,[1] no liability for wrongful death exists in this jurisdiction after one year from the death. As to an individual the liability itself, not merely the remedy, expires. Under the terms of the Federal Tort Claims Act, as I read it, the same rule applies to the liability of the Government.

The court holds that the limitation provision of the Federal Act not only limits but also extends the time and expands the liability. It does not read that way, and I do not think it was intended to have that result. The provision reads, so far as here pertinent: "A tort claim against the United States shall be forever barred unless action is begun thereon within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, * * *." My view is that that provision was merely a maximum limitation upon the time within which the Government consented to be sued, a reasonable action on the part of Congress in view of the much longer periods prescribed by many state statutes for various tort actions.

1. 949, 85 U.S.App.D.C. 339, 177 F.2d 654.