Clayton M. JONES and Aimee Jones, Plaintiffs,

v.

UNITED STATES, Defendant.

Civ. A. No. 2942-54.

United States District Court
District of Columbia.

Dec. 3, 1954.

Joseph A. Rafferty, Asst. U. S. Atty., Washington, D. C., for defendant, for the motion.

Carl L. Shipley and Roy St. Lewis, Washington, D. C., for plaintiffs, opposed.

HOLTZOFF, District Judge.

This is an action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2401, 2402, 2671 et seq. It seeks to recover damages for alleged negligence on the part of the Director of the United States Geological Survey in furnishing to the plaintiffs information claimed to be erroneous in respect to estimated recoverable oil from certain lands. Specifically it is charged that in response to an inquiry made by the plaintiffs, the Director of the Geological Survey replied that the ultimate recoverable oil from the lands in question would constitute 17,400 barrels per acre, whereas, in fact, the estimate should have been 50,000 barrels per acre. It is claimed by the plaintiffs that they were damaged by reason of the fact that, in reliance upon the estimate furnished by the Government, they sold their stock in an oil company which held a lease on the lands at a much lower price than they otherwise would have received. The complaint seeks to recover damages in the sum of $236,376.04.

The defendant moves for summary judgment on two grounds: first, that the action is barred by the statute of limitations; and second, that the action may not be maintained under the Federal Tort Claims Act. The first contention is based on the two-year statute of limitations contained in 28 U.S.C.A. § 2401(b), the pertinent provisions of which read as follows:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

From the allegations of the complaint, it appears that the claim, if any, accrued on September 6, 1951. This action was filed on July 9, 1954, almost three years later.

It is urged by the plaintiffs, however, that the statute has been tolled by reason of the following circumstances. On July 2, 1952, a suit was filed in behalf of the plaintiffs against the United States, on the same claim, in the United States District Court for the Southern District of New York. The case was dismissed by the court on April 5, 1954. The plaintiffs contend that the running of the statute of limitations was suspended during the pendency of the suit in the Southern District of New York. The

legal basis for this contention is said to be found in Section 23 of the New York Civil Practice Act, which in effect provides that the statute of limitations shall be tolled during the pendency of another suit on the same cause of action, which is subsequently terminated otherwise than by a voluntary discontinuance.[1] This court is of the opinion, however, that the statute of limitations contained in the United States Code governs this case, and that the New York statute has no application.

Thus, in Young v. United States, 87 U.S.App.D.C. 145, 147, 184 F.2d 587, 21 A.L.R.2d 1458, it was held that in an action under the Federal Tort Claims Act to recover damages for death, the two-year period fixed by the Federal Tort Claims Act governs, rather than the one-year statute of limitations of the District of Columbia, which applies to actions for wrongful death generally. The court observed that conversely if under a local statute the time allowed in such cases exceeded that prescribed by the Federal Act, the latter would control, 87 U.S.App. D.C., at page 147, 184 F.2d at page 589.

The same conclusion was reached by the Court of Appeals for the Fourth Circuit in State of Maryland, to use of Burkhardt v. United States, 165 F.2d 869, 871, 1 A.L.R.2d 213. In that case the court held that the period of limitations prescribed by the Federal Tort Claims Act was applicable rather than a shorter period provided by a Maryland statute. Judge Parker formulated the governing principle as follows:

"* * * the purpose and effect of the language of the statute is that we shall look to the law of the state for the purpose of defining the actionable wrong for which liability shall exist on the part of the United States, but to the act itself for the limitations of time within which action shall be instituted to enforce the liability. The language of the act, its reason and spirit, its history and the effect and consequences of a different interpretation, all negative the suggestion that the limitations of the state law in addition to those prescribed in the act operate to bar recovery thereunder."

The court concludes that the action was barred by the statute of limitations.

The second ground on which the Government proceeds is that this action may not be maintained, because it is within the express exceptions contained in the Federal Tort Claims Act. In construing the Federal Tort Claims Act, it must be borne in mind that it is a remedial statute intended to waive the sovereign immunity of the United States to suit in tort. Unlike other statutes that submit the United States to suit, the Federal Tort Claims Act should receive a liberal construction in the light of its beneficent purpose. At the same time, the exceptions should receive a strict construction for the same reasons. Nevertheless, even in the light of these principles, the court is of the opinion that this action may not be maintained. United States Code Annotated, Title 28, § 2680, enumerates several types of claims which are not to be cognizable under the Federal Tort Claims Act. Among them are the following, listed in subsection (h):

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, deceit, or interference with contract rights." (Emphasis supplied.)

The complaint charges the defendant with negligently furnishing erroneous

---

1. New York Civil Practice Act, § 23, reads as follows:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination. * * *"

information, that is a negligent misrepresentation. On this point the Court of Appeals for the Second Circuit in Jones v. United States, 207 F.2d 563, 564 (the New York action heretofore brought on this claim, which has been referred to above), wrote as follows:

"Section 2680(h) prohibits suits against the government on claims arising out of 'assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.' As 'deceit' means fraudulent misrepresentation, 'misrepresentation' must have been meant to include negligent misrepresentation, since otherwise the word 'misrepresentation' would be duplicative."

The court adopts the foregoing construction of the statute and, consequently, reaches the conclusion that this action does not lie as being within an exception to the Federal Tort Claims Act that bars suits to recover damages for misrepresentation.

The defendant's motion for summary judgment is sustained on both grounds.