Jeanett Mae **MYERS**, as Administratrix of the Goods, Chattels and Credits of George Richard Myers, Deceased, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

Civ. No. 6571.

United States District Court
N. D. New York.

June 24, 1958.

Robinson & Holcombe, Plattsburgh, New York, for plaintiff.

Theodore F. Bowes, Syracuse, N. Y., U. S. Atty., Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for the United States.

FOLEY, District Judge.

The government, by notice of motion, moves to dismiss this action under the Federal Tort Claims Act upon the general grounds that the complaint fails to state a claim upon which relief can be granted. Three specific reasons are set forth, but the general challenge is sufficient for my conclusion. The facts upon which the complaint is based are of an old vintage. It is alleged that the deceased, while employed by the Works Progress Administration from November, 1938 to August, 1940 in demolition and construction work on certain buildings in the City of Plattsburgh, N. Y., contracted the disease of histoplasmosis "due to large amounts of pigeon excretion" present in the structure being demolished, which resulted in his death on August 18, 1956.

The age of the claim or the improbability of success is not control-

ling at all in such type motion. The policy of the federal courts in such challenges as here is well stated in Hart & Co., Inc., v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581, citing Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635: "further, no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it."

■ However, despite such liberal approach, the remaining cause of action in the complaint for wrongful death meets a fatal legal barrier. The complaint originally contained two causes of action: one for wrongful death and one for conscious pain and suffering. Upon the oral argument the attorneys for the plaintiff conceded that the cause of action for conscious pain and suffering was barred by the Statute of Limitations, and upon such concession and with their consent, such action was dismissed by my order made upon the minutes of the court.

■■ It now seems clear to me that the death action must also fall although commenced on May 3, 1957, well within the required two-year period of the Tort Claims Act from the date of death, August 18, 1956. The New York Decedent Estate Law, McKinney's Consol.Laws, c. 13, § 130, confers the statutory right to recover for wrongful death and contains the important clause "against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." It is settled in the law of New York that no action is maintainable under this Section unless the decedent, at the time of his death, could have maintained an action, and the running of the three years' State Statute of Limitations, Civil Practice Act, § 49 during his lifetime is an absolute bar to the maintenance of the action. Kelliher v. New York Central & Hudson River Railroad Co., 212 N.Y. 207, 210, 213, 105 N.E. 824, L.R.A.1915E, 1178. The law of New York would bar the action of this decedent against a private individual because of the period involved from the time of injury to the date of death. Under the provisions of the Tort Claims Act, the government is only liable where a private person or individual under the circumstances would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C.A. §§ 1346(b), 2674. It is true that as to time limitation the Federal Tort Claims Act prescribes its own limitation and state laws do not apply. 28 U.S.C.A. § 2401 (b); Young v. United States, 87 U.S. App.D.C. 145, 184 F.2d 587, 21 A.L.R.2d 1458; United States v. Westfall, 9 Cir., 197 F.2d 765.

In this instance here, the right itself under the circumstances present is not created or existent. The late Chief Judge Parker with his great foresight gave the answer to our situation in a recognized landmark authority: "We think it a reasonable and necessary interpretation of the Tort Claims Act that the law of the State is to be followed with respect to *the cause of action created* but not with respect to the time limitation for suit upon it, since the act itself prescribes its own time limitation." State of Maryland, to Use of Burkhardt v. United States, 4 Cir., 165 F.2d 869–874, at page 873, 1 A.L.R.2d 213. Then: "As stated above, the basis of our decision is that the adoption by the statute of *the cause of action created* by state law is not to be construed as adopting the limitation imposed by that law. * * *" At page 874. Italics mine. See also Bizer v. United, States, D.C., 124 F.Supp. 949, 951; Foote v. Public Housing Com'r of United States, D.C., 107 F.Supp. 270, 274. Also, in an excellent and concise text on the Act the answer to the problem here is given: "At common law, no private cause of action arises from the death of a human being. The right of action depends entirely on statutory authority. Therefore, the dependents of a deceased person must look to the statutes of the state where the injury occurred for their rights to recover under the Federal Tort Claims Act." (The Federal Tort Claims

Act (1957), William B. Wright, pages 60–61).

The motion is granted on the general ground that the first cause of action for wrongful death does not state a claim upon which relief can be granted as a matter of law.

The claim is dismissed in its entirety and it is

So ordered.