Gertrude SLATER, Plaintiff,

v.

**KELEKET X-RAY CORPORATION**
and
**United States of America,**
**Defendants.**

Civ. A. No. 294–58.

United States District Court
District of Columbia.

May 12, 1959.

Frederick H. Evans, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., and William Laverick, Asst. U. S. Atty., Washington, D. C., for defendant United States.

John P. Arness, Washington, D. C., for defendant Keleket X-ray Corp.

HOLTZOFF, District Judge.

The question presented at the present juncture of this case is whether the United States as a defendant in an action brought under the Federal Tort Claims Act and charged as a joint tort-feasor with a private individual or corporation, is liable for contribution to its co-defendant if the plaintiff's claim against the United States is barred by the statute of limitations. This cause is now before this court on a motion by the Government to dismiss a cross-claim for contribution.

The plaintiff was a patient at Freedmen's Hospital, an institution operated and maintained by the Government in Washington, D. C. She claims that she was injured by the fall of a portion of an X-ray machine and that the accident was caused by a defective cable in the apparatus. An action to recover damages has been brought jointly against the Keleket X-ray Corporation, which sold the machinery to the Government and was under contract to maintain it in good condition; and against the United States on the theory that the Government is liable under the Federal Tort Claims Act [1] for alleged negligence in using a defective machine. The accident is alleged to have taken place on April 27, 1956. This action was instituted on February 4, 1958. Originally the complaint did not name the United States as a defendant, but the Government was brought in as a party by an amended complaint filed on May 1, 1958. In its answer to the amended complaint, the corporate defendant interposed a cross-claim against the United States for contribution or indemnity. On motion of the United States, the plaintiff's complaint was dismissed as against the Government on the ground that the claim against it was barred by the two-year statute of limitations,[2] since the United States was added as a party defendant more than two years after the alleged accident. An amendment bringing in a new party defendant may not relate back to the time of the filing of the original suit.[3]

The Government now moves to dismiss the cross-claim for contribution on the ground that since no claim may any longer be asserted by the plaintiff against the Government, the latter should not be held liable for contribution to a joint tort-feasor. The situation obviously arises out of the fact that the period of

1. 60 Stat. 842 et seq.; 28 U.S.C.A. § 2674.

2. 28 U.S.C.A. § 2401(b).

3. Lomax v. United States, D.C., 155 F. Supp. 354; Jacobsen v. United States, D.C., 160 F.Supp. 491.

limitations in the District of Columbia for actions against persons other than the Government is three years, while the period of limitations prescribed by the Federal Tort Claims Act is only two years.[4] While the Congress provided that local substantive law (i. e. *lex loci delicti*) should govern liability, it prescribed a uniform short statute of limitations for claims under this statute.

■ At the outset it seems desirable to determine the theoretical nature of the right of contribution as between joint tort-feasors. At common law contribution between tort-feasors did not exist. Modern enlightened tendencies gradually ameliorated the harshness and rigor of this doctrine. In many jurisdictions contribution as between joint tort-feasors is now provided in varying degrees. In the District of Columbia, some years ago, it was introduced by judicial decisions.[5] In passing it may be observed that this development is an illustration of the fact that the common law has not become static or petrified, but is still a living force and continues to grow and adjust itself to the needs of changing times and shifting conditions. This vitality has always been one of its principal characteristics. If a cause of action for contribution is deemed to be in *quasi-contract*, i. e. a contract implied in law *ex aequo et bono*, as distinguished from a contract implied in fact,[6] the United States would not be liable for contribution, because the waiver of Governmental immunity to suit, does not apply to suits on contracts implied in law.[7] The waiver is limited to real contracts, i. e., express

contracts and contracts implied in fact, and does not extend to contracts created by a legal fiction without regard to the intention of the parties. On the other hand, if the duty of one of several joint tort-feasors to pay contribution to the others is to be deemed a part of the tort liability, it would necessarily follow that the scope of the Federal Tort Claims Act is broad enough to subject the Government to such an obligation.

■ It is sometimes said that a statute waiving Governmental immunity to suit should be narrowly and strictly construed. These expressions, however, are not applicable to the Federal Tort Claims Act. This statute is a sweeping, comprehensive measure enacted in accordance with modern progressive trends to waive Governmental immunity to suit in tort generally, and to place the Government. with certain limited exceptions, on a par with private citizens as to liability for torts committed by its agents in the course of their employment. The Act should receive a broad and liberal construction.[8]

■ The second view as to the nature of a claim for contribution has been adopted by the authorities in respect to the Federal Tort Claims Act and it has become established, therefore, that the United States is liable for contribution to a joint tort-feasor, United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 403, 95 L.Ed. 523. This obligation may be enforced by an independent action, by a counterclaim or by a crossclaim under Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C. In United

---

4. Young v. United States, 87 U.S.App.D.C. 145, 184 F.2d 587, 21 A.L.R.2d 1458.

5. George's Radio, Inc. v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219; Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662. In some States the right of contribution has been introduced by statute. Prosser, Torts, 247–249 (1955 ed.)

6. Keener on Quasi Contracts, 408.

7. Merritt v. United States, 267 U.S. 338, 45 S.Ct. 278, 69 L.Ed. 643; United States v. Minnesota Mutual Investment Co.,

271 U.S. 212, 217, 46 S.Ct. 501, 70 L.Ed. 911; Alliance Assurance Co. v. United States, 2 Cir., 252 F.2d 529, 532; Manufacturers Aircraft Ass'n v. United States, 77 Ct.Cl. 481, 519.

8. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 383, 70 S.Ct. 207, 94 L.Ed. 171; Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 703–704, 69 S.Ct. 1457, 93 L.Ed. 1628; United States v. Yellow Cab Co., 340 U.S. 543, 547, 550, 71 S.Ct. 399, 95 L.Ed. 523.

States v. Yellow Cab Co., supra, Mr. Justice Burton pointed out that on its face the Act waives immunity from suit on any claim against the United States on account of damages to or loss of property, or on account of personal injury or death caused by the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment, under such circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. He, in effect, reaches the conclusion that the words "any claim against the United States * * * on account of damage to or loss of property or on account of personal injury or death", are broad enough to include claims for contribution, since such a claim may be said to be a claim on account of damages to or loss of property or on account of personal injuries or death.

In some jurisdictions, including the District of Columbia, however, the right of contribution or indemnity arises only against a joint tort-feasor who is directly liable to the injured party. If the former may not be required to pay damages to the latter, he is under no duty to pay contribution to the party held liable to the victim of the tort.[9] In the instant case the United States is not liable to the injured person because her claim has been barred by the statute of limitations. Consequently the Government should not be subjected to the burden of contribution. It is important to observe that the period of limitations prescribed by the Federal Tort Claims Act does more than merely create a defense, as is true of the ordinary statutes of limitations. The provision fixing a two-year period for the bringing of suits against the Government under the Federal Tort Claims Act is jurisdictional. It does not merely bar the remedy at the end of the period, but destroys the right,

Simon v. United States, 5 Cir., 244 F.2d 703.

A parallel situation was recently presented in Drumgoole v. Virginia Electric & Power Co., D.C., 170 F.Supp. 824, in which Judge Bryan of the Eastern District of Virginia, wrote an able and convincing opinion. In that case an action was brought against an electric power company for damages for personal injuries sustained by enlisted members of the Army reserve while on active training duty. The original defendant brought in the United States as a third-party defendant, seeking contribution or indemnity on the alleged ground that the Government was a joint tort-feasor. The court pointed out that the Government was not liable under the Federal Tort Claims Act for injuries to members of the armed forces sustained by them in the course of the performance of their duties. This has been held to be in a sense an exception to the Federal Tort Claims Act.[10] Judge Bryan pointed out that in Virginia, as is the case in the District of Columbia, while contribution between joint tort-feasors is permitted, it is withheld as against a joint offender who may not in law be forced to answer to the plaintiff for his negligence. On this ground the court reached the conclusion that under the circumstances of the case before it, the Government was not liable for contribution and dismissed the third-party complaint.

This principle is applicable to the case at bar. To be sure there is a difference in fact in that in the Drumgoola case the Government was not liable because of the status of the injured party; whereas in the case at bar the Government is not liable to the plaintiff, because the cause of action was extinguished by the time limitation. This difference in fact, however, does not lead to any distinction in principle, because, as has been shown above, the period of limitations prescribed by the Federal Tort Claims Act is not merely a statute of limitations

9. Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001.

10. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.

barring the remedy, but is jurisdictional and destroys and extinguishes the cause of action upon the expiration of the period.

In view of the considerations here discussed, the conclusion is inescapable that the United States may not be held liable for contribution under the Federal Tort Claims Act if the claim of the injured party against the United States has become extinguished by the statute of limitations.

Accordingly the motion to dismiss the cross-claim of the defendant Keleket X-ray Corporation for contribution against the United States, is granted.