**Helen Jenkins KINGTON, Widow of Joe D. Kington, Jr.**

**v.**

**UNITED STATES of America.**

**Civ. A. No. 5740.**

United States District Court
E. D. Tennessee, N. D.

Feb. 21, 1967.

---

H. Calvin Walter, Walter, Gilbertson & Claiborne, Knoxville, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This action was filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction exists under Section 1346(b) of the same Title.

Plaintiff is the widow of the late Joe D. Kington, Jr. and now resides in Anderson County, Tennessee and seeks $250,000 damages for the alleged wrongful death of her husband. She alleges in her complaint that during the years 1946 and 1947 defendant, through its Atomic Energy Commission, engaged in the production and development of atomic energy in its facilities located at Los Alamos, Los Alamos County, New Mexico, and used substances of an inherently dangerous character, including beryllium, a metallic chemical element found only in combination with others; that this was a highly dangerous substance known to the defendant; that the defendant negligently operated its plant in which plaintiff's decedent worked and failed to provide a safe place for him to work; that defendant failed to warn the decedent of the inherently dangerous nature of the materials with which he worked, particularly beryllium, but led him to believe that beryllium was not harmful; and that the deceased while working in said area was subjected to beryllium, which caused his death on July 6, 1964, although the cause of his death was not discovered until September 1, 1964 when the results of his autopsy

conducted at the Massachusetts Institute of Technology was made known.

Plaintiff further alleges that in July, 1965 she filed a petition in the First Judicial District Court, Los Alamos, New Mexico, which was dismissed without prejudice. Defendant, in its brief, states that this was a state court action against the Regents of The University of California, the employer of the decedent, for workmen's compensation benefits and is still pending; that plaintiff did file, on or about July 2, 1965, in the Federal District Court for the District of New Mexico, a suit against the United States under the Federal Tort Claims Act for the wrongful death of her husband, the same being Civil Action No. 6240; and that on or about January 3, 1966 a voluntary non-suit was taken without prejudice.

 The respective briefs indicate that the parties agree that the filing and dismissal of the state and federal actions do not toll the two-year limitations provision under the Federal Tort Claims Act. Their belief is confirmed by applicable law. Jones v. United States, D.C., 126 F.Supp. 10; Tessier v. United States, 1 Cir., 269 F.2d 305, 310; Humphreys v. United States, 9 Cir., 272 F.2d 411; Bomer v. Ribicoff, 6 Cir., 304 F.2d 427.

Defendant moved for a summary judgment, or in the alternative for a dismissal, upon the grounds:

(a) The Court is without jurisdiction and plaintiff has no cause of action under the Federal Tort Claims Act barring suits that are not instituted within two years after the action accrues. 28 U.S.C. 2401(b) [1]

(b) This Court is without jurisdiction because of the discretionary function exemption contained in Section 2680 of the Act.[2]

(c) There was no duty on the part of the defendant to affirmatively act with respect to plaintiff's decedent, an employee of an independent contractor with the Government.

(If a decision of the motion depended upon Issue No. (c), proof would be required.)

Plaintiff's suit in this Court was filed August 29, 1966, or more than two years after the date of decedent's death which, as previously shown, occurred on July 6, 1964.

We must first determine when the two year period provided for in the Act commenced and whether this is determined by state law or federal law.

Plaintiff says that the cause of action did not accrue until the cause of her decedent's death was discovered, or by the exercise of ordinary care should have been discovered. Defendant says that the cause of action accrued at the date of the alleged injury but in all events not later than the date of the death of Mr. Kington.

 The majority of the cases hold that the time the cause of action accrues is determined by federal law. Foote v. Public Housing Commissioner of United States, D.C., 107 F.Supp. 270; Quinton v. United States, 5 Cir., 304 F.2d 234; Hungerford v. United States, 9 Cir., 307 F.2d 99; Kossick v. United States, 2 Cir., 330 F.2d 933.

It was held in Tessier v. United States, supra, that "a 'claim accrues' when a private person similarly situated would become suable under the law of the state. * * *"

The holding in the *Tessier* case appears to be the minority view. This Court has followed the majority view. Mahoney v. United States, D.C., 216 F.Supp. 523, 536.

 It is well settled that the cause of action does not accrue under fed-

---

1. "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *"

2. Section 2680 provides that the provisions of the Federal Tort Claims Act shall not apply to any claim based upon an act or omission of an employee of the Government while performing a discretionary function or duty for the Government.

eral law until the injury is discovered or by the exercise of ordinary care should have been discovered. Ibid, 536.

Both the wrongful death statutes of Tennessee and New Mexico are survival statutes. 4 T.C.A. 20-607, 5 N.M.S.A. 22-20-1.

■ A suit may be brought in Tennessee within one year from the date the cause of action accrues which even in case of an injury that results in death is the date of the injury. T.C.A. 28-304; Davidson Benedict Co. v. Severson, 109 Tenn. 572, 605, 72 S.W. 967.

■■ A suit may be brought in New Mexico within three years from the date of the accrual of the cause of action. 5 N.M.S.A. 22-20-1 and plaintiff's cause of action is derived from the cause of action which the decedent would have had if he had lived. Thus, if the decedent in our case did not have a cause of action had he lived plaintiff, as his representative or beneficiary, would not have a cause of action. Conversely, if the decedent had a cause of action if he had lived, plaintiff as his representative or beneficiary would have the same cause of action. Consequently, plaintiff's cause of action is not independent of the cause of action of the deceased had he lived. If plaintiff has a cause of action, it accrued not later than the date of the death of her husband.

We have not been cited to any case and have not found one that holds that a cause of action under the Federal Tort Claims Act accrues at a time subsequent to death in an action to recover damages for wrongful death.

It was held in the case of Foote v. Public Housing Commission of United States, supra, that an action to recover for death of minor children who were killed while occupying a dwelling unit in the public housing project for veterans at Cadillac, Michigan, a project developed by the public housing authority and the City of Cadillac, was barred by the two year statute of limitations relating to tort claims against the United States.

The case of Young v. United States, 87 U.S.App.D.C. 145, 184 F.2d 587, 21 A.L.R.2d 1458, involved a claim under the Federal Tort Claims Act to recover damages for death. In the case, the Court held that the two year period fixed by the Federal Tort Claims Act controlled the action rather than the one year statute of limitations of the District of Columbia. The Court stated that if, under the local statute, the time allowed in such cases exceeded that prescribed by the Federal act, the latter would control. A similar conclusion was reached in the case of State of Maryland to use of Burkhardt v. United States, 4 Cir., 165 F.2d 869, 871.

■ There is nothing in the Act nor in the interpretation of it that indicates the cause of action accrues at a later date than the death of the deceased.

Each of the cases cited in the briefs, holding that the cause of action did not accrue until the injured party discovered the cause of his disability or by the exercise of ordinary care should have discovered it, involved injuries to living persons instead of wrongful death actions. No case has been cited holding that a suit may be brought under the Federal Tort Claims Act longer than two years after the death of the person injured.

If suits may be brought after two years from death under the Act, representatives of the deceased could postpone the running of the limitation period in the Act for an interminable period upon failure to discover the cause of death. This could result in actions many years later when the deceased as well as other witnesses would not be available. It seems to the Court that this is a controlling reason why a death action should be brought within the two year period of limitation. It is our opinion that Congress did not, in writing the two year period in the Act, intend that there should ever be an unlimited extension thereof.

It results that the motion for dismissal must be sustained.