Marjorie WINN, Personal Representative of the Estate of Homer A. Winn, Deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 76–2548.

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1979.

Jan Thomas Baisch (argued), Portland, Or., for plaintiff-appellant.

Jonathan M. Hoffman, Asst. U. S. Atty. (argued), Portland, Or., for defendant-appellee.

Before WRIGHT and ANDERSON, Circuit Judges, and SHARP *, District Judge.

PER CURIAM:

This appeal seeks reversal of a decision by the United States District Court for the District of Oregon which granted a motion for summary judgment in favor of the United States. Plaintiff sought recovery against the Veterans Administration for the alleged wrongful death of her husband on a theory of medical malpractice. The district court interpreted the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680 (1970), as one which does not create any new federal torts, but which instead borrows liability provisions from the law of the state where the wrong occurred. Because the underlying Oregon claim was time-barred, the district court ruled that there was no existing cause of action to which the federal statute of limitations might attach. 28 U.S.C. § 2401(b) (1970). We agree and affirm the dismissal of the action.

The FTCA does not create a cause of action for wrongful death independent of state law. *Feres v. United States*, 340 U.S. 135, 141, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Richards v. United States*, 369 U.S. 1, 6–7, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). Although plaintiff denominates her claim as one for wrongful death, the gravamen of her complaint is an allegation of medical malpractice occurring sometime between March 14, 1968, and September 26, 1968. She alleges that the decision by a Veterans Administration doctor to stop administration of the drug Leukeran hastened her husband's death from Leukemia in June, 1973.

Under Oregon law, an action for wrongful death exists only if (1) "the decedent might have maintained an action, had he lived," and (2) the action is commenced "within three years after the occurrence of the injury causing the death . . . ." Or.Rev.Stat. § 30.020(1) (1977). An action for medical malpractice must be commenced "within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. . . ." Or.Rev.Stat. § 12.110(4) (1977). It is undisputed that plaintiff would have no claim under Oregon law.

In asking this court to nonetheless apply the federal statute of limitations to the tort which Oregon law labels "wrongful death," plaintiff relies heavily on three cases: *Kingston v. United States*, 396 F.2d 9 (6th Cir.), *cert. denied*, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968); *Young v. United States*, 87 U.S.App.D.C. 145, 184 F.2d 587 (1950); and *Maryland ex rel. Burkhardt v. United States*, 165 F.2d 869 (4th Cir. 1947).

*Kingston* is factually distinguishable since there the plaintiff did not learn of the cause of death until *after* the autopsy had revealed that exposure to Beryllium some seventeen or eighteen years earlier had resulted in the death of her husband. In *Young*, the District of Columbia wrongful death statute contained a statute of limitations which was *shorter* than the two-year general statute of limitations under the FTCA. Finally, in *Burkhardt*, the Maryland one-year statute of limitations had run on a wrongful death action which arose *prior* to passage of the FTCA. The Act contained a specific clause which revived claims for one year after the date of its enactment.

* Of the Western District of Washington, sitting by designation.

Although each of the three cases chose to disregard underlying state statutes of limitation in concluding that the two-year federal statute applied, none of the three circuit courts faced the situation confronting this court. Here Mr. Winn knew in 1968 that alleged negligence had aggravated his illness. He did nothing to notify the defendant before his death almost five years later.

In *Ashley v. United States*, 413 F.2d 490 (9th Cir. 1969), this court held that a medical malpractice claim accrues, and the federal statute of limitations begins to run, at the time of the injury if plaintiff knows of the negligence. This court said:

> To hold that one who knows that an injurious tort has been committed against him by the Government may delay the filing of his suit until the time, however long, when he becomes knowledgeable as to the precise extent of the damage resulting from the tort would impose intolerable burdens upon the Government and would, in effect, frustrate the expressed will of the Congress.

Id. at 493. *See also Hungerford v. United States*, 307 F.2d 99 (9th Cir. 1962), *overruled on other grounds, Ramirez v. United States*, 567 F.2d 854, 857 (9th Cir. 1977) (en banc).

It is true that in *Burkhardt, Young,* and *Kingston*, the Fourth, District of Columbia, and Sixth Circuits chose to disregard the state limitations on accrual of wrongful death actions, applying in each case the longer federal statute of limitations. But their reasoning is inapplicable to the facts at bar. Mr. Winn knew he had been injured by alleged malpractice of a Government doctor. Oregon law permitted him at least two years to bring suit, a period no shorter than that provided by federal law. 28 U.S.C. § 2401(b). Had he died within that period, he would have left a valid cause of action in his personal representative from wrongful death. But where, as here, plaintiff knew and had ample time within which to file a complaint, there can be no injustice in dismissing an action filed almost six years later. *See Myers v. United States*, 162 F.Supp. 913, 914 (N.D.N.Y.1958).

Accordingly, the judgment of the court below is

AFFIRMED.