**Crettie Bunton WOODY, as widow and next of kin of Daniel Glenn Woody, Deceased**

v.

**JOHNS–MANVILLE SALES CORPORATION et al.**

Civ. No. 3–80–23.

United States District Court, E. D. Tennessee, N. D.

May 14, 1980.

Michael Y. Rowland, Knoxville, Tenn., for plaintiff.

Thomas S. Scott, Jr., William A. Young, Stephen C. Daves, John W. Baker, Jr., William D. Vines, III, Knoxville, Tenn., Hugh J. Moore, Jr., Chattanooga, Tenn., Louis C. Woolf, Robert R. Campbell, F. Graham Bartlett, Fred H. Cagle, Jr., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

A motion for summary judgment based on the applicable statute of limitations has been filed in this wrongful death case on behalf of all defendants. Fed.R.Civ.P. 56. The motion is supported by excerpts from the plaintiff's deposition and a certified copy of the autopsy report dated April 24, 1970.

Plaintiff does not dispute the date of death or the authenticity of the autopsy report. Rather she argues that summary judgment is not proper at this time because (1) the cause of action did not accrue until plaintiff discovered that asbestosis could have been a contributing factor in causing the decedent's death, and (2) defendants fraudulently concealed the actual cause of death.

This Court has held that a cause of action for wrongful death arising under the Federal Tort Claims Act accrues on the date of death. *Kington v. United States*, 265 F.Supp. 699 (E.D.Tenn.1967), *aff'd* 396 F.2d 9 (6th Cir. 1968). Recognizing that this is a diversity case, we have searched the books for Tennessee cases to the contrary and have found none. Sound policy considera-

tions dictate our continued adherence to the rule applied in *Kingston*.

It is beyond dispute that in Tennessee, a cause of action accrues, and the statute of limitations commences to run, when the injury is, or reasonably should have been, discovered. *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975). All the information from which the cause of death could be ascertained was available to the plaintiff at the time of death, and the applicable statute of limitations afforded her ample time to thoroughly investigate its cause. *See Kingston, supra*, 396 F.2d at 12; 265 F.Supp. at 702. Since the death occurred in 1970, the Court holds that plaintiff's action is barred by the one-year statute of limitations, T.C.A. § 28–304, unless plaintiff has properly raised the concealment issue.

Plaintiff's counsel implies in his brief in opposition to defendants' motion that the true cause of death was fraudulently concealed from plaintiff. Clearly, such concealment, if established, would toll the running of the statute. *Whaley v. Catlett*, 103 Tenn. 347, 53 S.W. 131 (1899). However, the pleadings reveal no such concealment theory, and plaintiff has set forth no specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

Accordingly, it is ORDERED that defendants' motion for summary judgment be, and the same hereby is, granted.

Order Accordingly.