**Evelyn A. POINDEXTER et al.,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**Jon F. GOULDING, Plaintiff-Appellant**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**Nos. 79–3447, 80–5427.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1981.

Decided June 1, 1981.

As Amended June 29, 1981.

Kenneth P. Clancy, Phoenix, Ariz., John R. Perry, Jr., Prescott, Ariz., argued for plaintiffs-appellants; Burton J. Kinerk, Haralson, Kinerk & Morey, Tucson, Ariz., on brief.

Michael A Johns, Elizabeth G. Jucius, Asst. U. S. Attys., Phoenix, Ariz., for defendant-appellee.

Before SKOPIL and ALARCON, Circuit Judges, and BONSAL,* District Judge.

SKOPIL, Circuit Judge:

## INTRODUCTION

These two cases involve appeals from judgments in favor of the Government under the Federal Tort Claims Act (FTCA). In each case an administrative claim was filed more than one year but less than two years after the injury. The district court held in each case that the claim was barred by Ariz.Rev.Stat. § 23–1023 B, which precludes an injured worker who receives worker's compensation benefits from filing a suit against the tortfeasor more than one year after the injury.[1] We reverse. The two-year federal statute of limitations governs, and the claims were timely filed under its provisions.

## FACTS AND PROCEDURE BELOW

The facts are not disputed in either case. David Poindexter was killed in an airplane crash, as a result of what his survivors contend was negligence by employees of the Department of the Interior. His widow filed for and received death benefits from the Arizona State Compensation Fund. Almost two years after the accident, Poindexter's widow filed a claim under the FTCA, 28 U.S.C. §§ 2671–2680. One month after the claim was denied Poindexter's widow filed an action against the United States.

Jon Goulding was injured by what he claims was negligence by employees of the United States Army. He also received Arizona workers' compensation benefits and filed a claim under the FTCA one year and two months after the injury. When the Government failed to act on his claim for more than six months, he deemed the claim denied, as he was entitled to do under 28 U.S.C. § 2675(a), and commenced a civil action.

## ANALYSIS

### I. Arizona Law.

Arizona law provides that a worker injured by a third party who elects to receive workers' compensation may also file a common law tort action. If such an action is not brought within one year of the injury, however, the claim is assigned by operation of law to the party who paid the compensation benefits (usually an insurer). Ariz. Rev.Stat. § 23–1023.[2]

Although similar statutes in other states have been interpreted not to cut off the

---

* The Honorable Dudley B. Bonsal, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. The district court wrote a published opinion in *Goulding v. United States*, 488 F.Supp. 755 (D.Ariz.1980).

2. Ariz.Rev.Stat. § 23–1023 provides:
   Liability of third person to injured employee; election of remedies.
   A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.
   B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may

be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof.
   C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien in the amount actually collectable from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hos-

injured worker's cause of action after one year but merely to allow the insurance carrier also to bring suit to recover benefits paid, *see, e. g., Kimbrell v. United States*, 306 F.2d 98, 99 (6th Cir. 1952), the Arizona Supreme Court has clearly stated that under section 23–1023 the employee may not bring suit after one year. *K. W. Dart Trucking Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977).

## II. Federal Law.

Under the FTCA a claimant has two years after the cause of action accrues to file an administrative claim with the government agency responsible for the alleged injury. 28 U.S.C. § 2401(b). If the administrative claim is denied, the claimant has six months to file an action in district court. *Id.* If the administrative claim is not acted upon within six months, the claimant may deem the claim denied and commence a court action at any time thereafter. 28 U.S.C. § 2675(a). The purpose of requiring the plaintiff to file an administrative claim before bringing an action is to allow the agency to investigate the claim to determine whether it should be voluntarily paid or a settlement sought.

The administrative claims and civil actions in both *Poindexter* and *Goulding* were timely filed under the provisions of the FTCA. Thus, whether the suits were barred depends upon whether Ariz.Rev. Stat. § 23–1023 or 28 U.S.C. § 2401(b) applies here.

## III. Which Law Applies?

■ As the district court noted, the FTCA required it to look to state law in determining whether a cause of action existed. *See, e. g., Mundt v. United States*, 611 F.2d 1257, 1259 (9th Cir. 1980). It is long settled, however, that the statute of limitations in the FTCA, 28 U.S.C. § 2401, governs in FTCA actions, even when the state period of limitations is longer or shorter. *See, e. g., Kossick v. United States*, 330 F.2d 933 (2d Cir. 1964); *United States v. Westfall*, 197 F.2d 765 (9th Cir. 1952); *Young v. United States*, 184 F.2d 587 (D.C.Cir.1950); *Maryland ex rel. Burkhardt v. United States*, 165 F.2d 869 (4th Cir. 1947). A court must look to state law for the purpose of defining the actionable wrong for which the United States shall be liable, but to federal law for the limitations of time within which the action must be brought. *Kimbrell, supra*, 306 F.2d at 99, (quoting *Maryland ex rel. Burkhardt, supra*).[3] Ariz.Rev.Stat. § 23–1023 B cannot bar appellants' claims if it is a statute of limitations and not a substantive provision.

■ Although some of the provisions of Ariz.Rev.Stat. § 23–1023 are "substantive" and must be given effect in a Federal Tort Claims action, the provision cutting off the injured worker's cause of action after one year is a statute of limitations and is preempted by 28 U.S.C. § 2401(b). Section 23–1023 creates substantive rights insofar as it: (1) gives the insurance carrier a lien for the amount of benefits paid on any damages collected by the injured worker in a tort action; (2) prevents the worker from settling his or her tort action for less than the amount of benefits paid without the permission of the insurance carrier; and (3) allows the insurance carrier to sue to collect

pital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim.

**3.** *Winn v. United States*, 593 F.2d 855 (9th Cir. 1979), is not to the contrary. There, although the district court dismissed because the state statute of limitations had run, this court expressly noted that the federal statute of limitations had also run, based on federal principles of accrual. *Id.* at 857.

The Supreme Court has recently reiterated that a balance must be struck between the right to be free of state claims and the right to a reasonable time to prosecute. Section 2401 represents "the balance struck by Congress in the context of tort claims against the Government . . . ." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). While a court should not extend the waiver of sovereign immunity represented by the FTCA in construing the statute of limitations, neither should it assume the authority to narrow the waiver that Congress intended. *Id.* at 117–118, 100 S.Ct. at 357–358.

benefits paid if the injured worker does not sue. The provision that cuts off the injured worker's right to sue after one year, however, is not essential to the substantive rights created in favor of the insurance carrier. It functions as a statute of limitations and, as such, is preempted by the federal statute of limitations, 28 U.S.C. § 2401(b).

The Government argues that if the one-year limitation of Ariz.Rev.Stat. § 23–1023 B is not given effect, the United States would not be liable "in the same manner and to the same extent as a private individual under like circumstances," as required by 28 U.S.C. § 2674. This argument is unpersuasive. If the United States were to be treated here exactly like a private employer it would be entitled to have the suits dismissed as untimely, but there are several instances, specifically set forth in the FTCA, where the liability of the United States is not coextensive with that of a private person under state law. *Richards v. United States*, 369 U.S. 1, 13–14, 82 S.Ct. 585, 593, 7 L.Ed.2d 492 (1962).

Section 2674 is subject to its own express exceptions and those found elsewhere in the FTCA. These include the unavailability of prejudgment interest and punitive damages (§ 2674), and the exceptions listed in section 2680, as well as the limitation period. *See id.* at 14 n.28, 82 S.Ct. at 593. Furthermore, FTCA actions must be brought in federal court, 28 U.S.C. § 1346(b), where federal procedural rules are applied even if they are "outcome-determinative." *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In enacting a federal statute of limitations, Congress decided to allow suits against the United States that might be barred against a private defendant by a shorter state limitations period, and to cut off suits that might be allowed against a private defendant by a longer state limitations period.

We would create even greater procedural anomalies in Federal Tort Claims actions if we held that Ariz.Rev.Stat. § 23–1023 B applies insofar as it operates as a statute of limitations. Section 23–1023 B requires the injured worker to file an "action" within one year. A claimant may not immediately bring a court action against the United States under the FTCA. He or she must first file an administrative claim with the appropriate agency, and may not file an action until the agency has denied the claim or has not acted on it within six months. 28 U.S.C. §§ 2401(b), 2675(a).

We are not entitled to assume that Arizona courts would consider an administrative claim filed under the Federal Tort Claims Act an "action", or that the filing of an administrative claim would otherwise suspend the running of the one-year time limit of section 23–1023 B. Thus, a worker injured by a federal employee would have to begin legal proceedings earlier than a worker injured by a private party. The worker would have to file an administrative claim within six months to be certain of being able to institute an action within one year. For us to hold that the filing of an administrative claim under the Federal Tort Claims Act constitutes an "action" under Ariz.Rev. Stat. § 23–1023 B or suspends the running of the time limit created by that statute would be at least as intrusive of the Arizona courts and statutes as our holding that the federal statute of limitations governs.

Insofar as Ariz.Rev.Stat. § 23–1023 operates a statute of limitation, it is preempted by 28 U.S.C. § 2401. The plaintiffs' actions are not time-barred. Insofar as the Arizona statute operates substantively, it is not affected by our holding.[4]

REVERSED and REMANDED.

---

4. After these cases were submitted, the Arizona Supreme Court made it clear that a claim assigned to an insurance carrier by operation of law under Ariz.Rev.Stat. § 23–1023(B) is neither assignable to a third person nor reassignable to the claimant. *Ross v. Superior Court,* 128 Ariz. 301, 625 P.2d 890 (1981). The Arizona legislature subsequently amended the statute to allow such reassignment. HB 2176 (April 27, 1981). Neither of these events affects our holding. We do not rely on the purported reassignment of claims to the plaintiffs. Our reasoning concerns the statute only insofar as it *operates* as a statute of limitations by cutting off a claimant's right to bring an action.